BARRY J. PORTMAN
Federal Public Defender
ANGELA M. HANSEN
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone:  (510) 637-3500

Counsel for Defendant POWELL

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.    CR-10-00292-CW |
| | ) | |
| Plaintiff, | ) | |
| | ) | STIPULATED REQUEST TO CONTINUE |
| v. | ) | HEARING DATE TO FEBRUARY 23, |
| | ) | 2011 AND TO EXCLUDE TIME UNDER |
| | ) | THE SPEEDY TRIAL ACT AND ORDER |
| RAMON POWELL, | ) | |
| | ) | |
| Defendant. | ) | Hearing Date: January 26, 2011 |
| | ) | Time:          9:30 a.m. |
| | ) | |

The above-captioned matter is set on January 26, 2011 before this Court for a status

hearing.  The parties jointly request that the Court continue the matter to February 23, 2011 at

2:30 p.m. before the Honorable Claudia Wilken for a change of plea hearing, and that the Court

exclude time under the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), between

January 26, 2011 and February 23, 2011.

On April 15, 2010, the Grand Jury charged Mr. Powell with possession with the intent to

distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1).  If convicted, Mr. Powell

faces a statutory maximum of 40 years and a mandatory minimum sentence of five years.

The current status of the case is that the parties are negotiating this matter and the parties

are confident there will be a negotiated disposition of the case.  In the meantime, the government

has produced discovery to the defense and defense counsel needs additional time to review and

process the discovery provided.  For example, the government has made available several

videotapes that the defense believes are related to this case and that the defense needs additional

time to review.  The defense also requires additional time to complete its investigation of the

circumstances of the offense and to assess and confirm Mr. Powell's Guidelines range.

The requested continuance will allow the defense to complete its review of the discovery,

to investigate the underlying facts of the case, and to research and to confirm Mr. Powell's

Guidelines range.  For this reason, the parties agree that the failure to grant this continuance

would unreasonably deny counsel for defendant the reasonable time necessary for effective

preparation, taking into account the exercise of due diligence.

The parties further stipulate and agree that the ends of justice served by this continuance

outweigh the best interest of the public and the defendant in a speedy trial.  Accordingly, the

parties agree that the period of time from January 26, 2011 to February 23, 2011, should be

excluded in accordance with the provisions of the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A)

and (B)(iv), for effective preparation of defense counsel, taking into account the exercise of due

diligence.


DATED: January 24, 2011                         _____/S/_____
                                                WADE RHYNE
                                                Assistant United States Attorney


DATED: January 24, 2011                         _____/S/_____
                                                ANGELA M. HANSEN
                                                Assistant Federal Public Defender

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/)

within this e-filed document.                    __/S/ ANGELA M. HANSEN___

# ORDER

Based on the reasons provided in the stipulation of the parties above, the Court hereby FINDS:

1.      Given defense counsel's need to complete its review the discovery including videotapes that the defense believes are related to this case;

2.      Given that the defense needs additional time to continue to investigate the underlying facts of the case and to research defendant's sentencing Guidelines range;

3.      Given that these above-listed tasks are necessary to the defense preparation of the case and that the failure to grant the requested continuance would unreasonably deny counsel for defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence;

4.      Given that the parties have continued the case for a change of plea hearing;

5.      Given that the ends of justice served by this continuance outweigh the best interest of the public and the defendant in a speedy trial;

Based on these findings, it is ordered that the status hearing date of January 26, 2011, scheduled at 10:00 a.m., is vacated and reset for February 23, 2011, at 2:30 p.m., before the Honorable Claudia Wilken for change of plea hearing.  It is further ordered that time is excluded pursuant to the Speedy Trial Act, 18 U.S.C. §§ 3161(h)(7)(A) and (B)(iv), from January 26, 2011 until February 23, 2011.

January 25, 2011

_____
DONNA M. RYU
United States Magistrate Judge